Jill Gerdrum
Hall & Evans, LLC
Millennium Building, Suite 403
125 Bank Street
Missoula, MT 59802
Telephone: (406) 532-2635
gerdrumj@hallevans.com

   *Attorneys for Defendant Lowe's Home Centers LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| MICHAELA ERICKSON,<br><br>      Plaintiff,<br><br>vs.<br><br>LOWE'S HOME CENTERS, LLC<br>d/b/a LOWE'S and JOHN DOES 1-3.<br><br>      Defendants. | Cause No. _____<br><br><br><br>**NOTICE OF REMOVAL** |

Defendant Lowe's Home Centers, LLC, ("Lowe's") hereby submits the following Notice of Removal of the above-captioned action from Montana Eleventh Judicial District Court, Flathead County, to the United States District Court for the District of Montana, Missoula Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, stating as follows:

## INTRODUCTION

1. On May 11, 2022, the above-entitled action was commenced by Plaintiff Michaela Erickson against Lowe's in Montana's Eleventh Judicial District, Flathead County, and the claim is currently pending there. See Exhibit A, Plaintiff's Complaint.

2. Plaintiff's Complaint alleges that on December 17, 2019, she was rear-ended by a Lowe's vehicle. *Id.*, ¶ 6.

3. Plaintiff's Complaint alleges claims against Lowe's for Negligence and Negligence Per Se. *Id.*, ¶¶ 20-24.

## COMPLIANCE WITH THE RULES

4. All procedural requirements related to the removal of this action have been satisfied.

5. Lowe's was served on May 23, 2022.

6. This Notice of Removal is filed within 30 days of service of the Plaintiff's Summons and Complaint and is timely under 28 U.S.C. §§ 1441 and 1446(b).

7. A copy of this Notice of Removal will be filed with Montana Eleventh Judicial District Court, Flathead County, and served upon Plaintiff's counsel.

8. Pursuant to 28 U.S.C. § 1446(a), copies of the following process, pleadings, and orders that were served upon Lowe's or filed in this action are

attached as follows:

| | |
|---|---|
| Exhibit A | Complaint |
| Exhibit B | Summons |
| Exhibit C | Motion for Substitution of Judge |
| Exhibit D | Relinquishment & Assumption |
| Exhibit E | Lowe's Answer |

## DIVERSITY JURISDICTION

9. This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District of Montana has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

**A.  The Parties are Citizens of Different States**

10. There is complete diversity of citizenship between Plaintiff and Lowe's.

11. Plaintiff is a citizen of Montana. Exhibit A, ¶ 1.

12. Defendant Lowe's Home Centers, LLC, is a citizen of North Carolina. Lowe's Home Centers, LLC, is a foreign limited liability company organized under the laws of the State of North Carolina with its principal place of business at 1000 Lowe's Blvd., Mooresville, NC 28117. See 20 U.S.C. § 1332(c) ("a

corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). Lowe's Home Centers, LLC, is a wholly owned subsidiary of Lowe's Companies, Inc., a publicly traded North Carolina corporation. Lowe's Companies, Inc., is its sole member.

13. The identities of John Does 1-3 are unknown. For this reason, the citizenships of John Does 1-3 must be disregarded for the purposes of removal. See 28 U.S.C. § 1441(b)(1).

14. For purposes of federal diversity jurisdiction, the parties are completely diverse. 28 U.S.C. § 1441(b).

**B.   The Amount In Controversy Exceeds $75,000**

15. The amount in controversy here exceeds $75,000 as required by 28 U.S.C. § 1332(a).[1] In her Complaint, Plaintiff seeks an unspecified amount of damages, costs and other relief. See, generally, Exhibit A. Plaintiff alleges:

- She "sustained bodily injuries resulting in pain and disability, aggravation, emotional distress, and permanent physical impairment entitling her to recover general compensatory damages…." Exhibit A, ¶ 15.

---

[1] Lowe's does not concede or waive its right to contest Plaintiff's alleged damages.

- She has suffered "bodily injuries resulting in reasonable and necessary medical treatment, both past, present, and future, entitling her to recover special damages…." *Id.*, ¶ 16.

- She "sustained bodily injuries that prevented her from doing her usual and ordinary occupation and/or job, thereby causing her to incur a loss of wages and/or loss of future earning capacity, entitling her to recover special damages for said loss…." *Id.*, ¶ 17.

16. Plaintiff is also seeking punitive damages. *Id.*, p. 5.[2]

17. Plaintiff's Complaint does not specify a dollar amount of damages. Instead it seeks special, general, and punitive damages in an unspecified and unlimited amount.

18. However, Plaintiff has made clear the amounts she seeks via a settlement offer sent before she commenced litigation. In May 2021, Plaintiff evaluated her claim at $89,258.32.[3]

19. "A settlement letter is relevant evidence of the amount in controversy where it appears to reflect a reasonable estimate of plaintiff's claim." *Minjares v. Nw. Corp.*, No. CV 10-135-M-DWM, 2011 U.S. Dist. LEXIS 104099, at *4 (D.

---

[2] Lowe's denies Plaintiff's allegations regarding her alleged damages and injuries.
[3] Subsequent demands also suggest Plaintiff evaluates her claim at greater than $75,000.

Mont. Sep. 14, 2011) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

20. Further, Plaintiff's request for punitive damages is additional evidence that the amount-in-controversy is greater than $75,000. "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (citing *Bell v. Preferred Life Assur. Society*, 320 U.S. 238, 240 ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.")).

21. "When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). A defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554.

22. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

23. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Lowe's Home Centers, LLC, respectfully requests that the action now pending in Montana's Eleventh Judicial District Court, Flathead County, Cause No. DV-15-2022-0000534-NE, be removed therefrom to the United States District Court for the District of Montana, Missoula Division, and that all further proceedings be heard in this Court.

DATED this 22nd day of June, 2022.

/s/ Jill Gerdrum
Jill Gerdrum
Hall & Evans, LLC
*Attorneys for Defendant Lowe's Home Centers, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2022, a copy of the **NOTICE OF REMOVAL** was served upon counsel of record by the following method(s):

| | |
|---|---|
| \_\_\_\_\_ | CM/ECF |
| \_\_\_\_\_ | Hand Delivery |
| \_\_1\_\_ | U.S. Mail, First Class |
| \_\_\_\_\_ | Overnight Delivery Service |
| \_\_\_\_\_ | Fax |
| \_\_\_\_\_ | E-Mail |

1. Aaron J. Brann
   Kraig W. Moore
   Bliven Law Firm, P.C.
   704 South Main
   Kalispell, MT 59901

/s/ Jill Gerdrum