FILED
05/11/2022
Peg L. Allison
CLERK
Flathead County District Court
STATE OF MONTANA
By: Rachel Faber
DV-15-2022-0000534-NE
Ulbricht, Heidi J
1.00

Aaron J. Brann
Kraig W. Moore
BLIVEN LAW FIRM, P.C.
704 South Main
Kalispell, MT 59901
Telephone: (406) 755-6828

Attorneys for Plaintiff

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| | |
|---|---|
| MICHAELA ERICKSON,<br><br>                    Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS LLC d/b/a LOWE'S and JOHN DOES 1-3;<br><br>                    Defendants(s). | Cause No. _____<br><br><br><br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

Plaintiff, Michaela Erickson, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Michaela Erickson ("Erickson") was a citizen of Montana where the collision occurred and where defendant had a duty to pay his medical expenses.

2. Defendant Lowe's Home Centers LLC ("Lowe's") is a foreign corporation authorized to do business in the state of Montana.

3. This Court has jurisdiction over the subject matter and parties of this Complaint

4. Venue is appropriate in Flathead County because the motor vehicle collision which is the subject of this Complaint occurred in Flathead County.

5. Defendants John Does 1-3 are other people or entitles that may be liable to Erickson for the damages alleged. To the extent necessary, Plaintiff may need to amend pleadings to

Exhibit A

name the proper parties responsible for Plaintiff's injuries and damages, if new information surfaces.

## FACTUAL BACKGROUND

6. On December 17, 2019, Erickson was rear-ended by a Lowe's vehicle in Flathead County, Montana.

7. Erickson had turned left onto E 2nd St. in Whitefish, Montana from Spokane Ave and was struck from the rear by the Lowes truck.

8. Erickson's vehicle was severely damaged and towed from the scene.

9. Erickson suffered bodily injuries in the wreck.

10. The driver of the Lowe's truck, Rodney T. Penner, an employee of Lowes, stated he did not have enough time to apply his brakes and rear-ended Erickson. He was issued a citation for following too closely.

11. A copy of the Crash Investigator's Report is attached as **Exhibit 1**.

12. Lowes, through its claims management company, "Sedgwick Claims Services, Inc." ("Sedgwick") has disputed causation and refused to advance-pay accumulated medical expenses.

## COUNT I – NEGLIGENCE

13. All allegations above are incorporated herein.

14. Defendant Lowes owed a duty to Plaintiff and breached this duty when its employee negligently and recklessly operated his large cargo truck into the rear of Ms. Erickson's vehicle.

15. As a direct and proximate result of the negligence of the Defendant, Ms. Erickson sustained bodily injuries resulting in pain and disability, aggravation, emotional distress, and

permanent physical impairment entitling her to recover general compensatory damages in amounts not now precisely known, the exact amounts to be proven at or before the time of trial.

16. As a further direct and proximate result of the negligent acts and omissions of Defendant, Ms. Erickson incurred bodily injuries resulting in reasonable and necessary medical treatment, both past, present, and future, entitling her to recover special damages in amounts not now precisely known, the exact amounts to be proven at or before the time of trial.

17. As a further direct and proximate result of the negligent acts and omissions of Defendant, Ms. Erickson sustained bodily injuries that prevented her from doing her usual and ordinary occupation and/or job, thereby causing her to incur a loss of wages and/or loss of future earning capacity, entitling her to recover special damages for said loss in amounts not now precisely known the exact amounts to be proven at or before the time of trial.

18. As a further direct and proximate result of the negligent acts and omissions of Defendant, Ms. Erickson is entitled to recover statutory and reasonable attorney's fees and costs in amounts not now precisely known, the court to set the amounts in the future.

19. With respect to the items of special damages alleged by Plaintiff, she is entitled to recover prejudgment interest, pursuant to statute, in amounts not now precisely known, the exact amounts to be proven at or before the time of trial.

## COUNT II – NEGLIGENCE PER SE

20. All allegations above are incorporated herein.

21. That Defendant Lowe's employee, in the operation of a motor vehicle, failed to operate the vehicle with reasonable care, in violation of Mont. Code Ann. § 27-1-701.

22. That Defendant Lowe's employee, in the operation of a motor vehicle violated Mont. Code Ann. § 61-8-329 (following too closely).

23. Defendant Lowe's employee violated said safety laws intended to prevent collisions and injuries of the type suffered by Plaintiff.

24. Defendant Lowe's employee's violation of the statutes was the direct and proximate cause of Plaintiff's damages and injuries described.

## COUNT III

## NEGLIGENCE & NEGLIENCE PER SE

### (as to Defendants John Does 1 – 3)

25. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 24.

26. Plaintiff alleges alternatively that individuals or entities denoted at John Does 1-3 were negligent and responsible for injury to Plaintiff. Plaintiff is uncertain as to the identity of others involved in the motor vehicle collision at issue or causing it, or otherwise being negligent, but in the event others may be responsible for negligence and injuries sustained by Plaintiff, Plaintiff asserts claims against these unknown parties. Other entities and or persons may be involved with and responsible for the negligence and injuries sustained by Plaintiff as the incident arose from a motor vehicle crash, involves transient parties, and Plaintiff has relied upon the Crash Investigator's Report of the police agency which responded for the identity of the defendant driver and at fault-party.

**WHEREFORE,** Plaintiff prays for a judgment of liability against Defendant as follows:

1. For a judgment against Defendant Lowe's;

2. For an award of damages as set forth in the above Complaint, including prejudgment interest and statutory and reasonable fees and costs in such amounts that may be

awarded by the Court;

3. For punitive damages against Defendant Lowe's;

4. For such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

1. Plaintiff hereby demands a jury trial on all claims triable by right.

Dated: May 11, 2022

                        BLIVEN LAW FIRM, P.C.

                        By: *s/ Aaron J. Brann*
                             Aaron J. Brann
                             704 South Main
                             Kalispell, MT 59901
                             *Attorneys for Plaintiff*

# EXHIBIT 1

# CRASH INVESTIGATOR'S REPORT

| Local Use | 2019-00015133 | | | | |
|---|---|---|---|---|---|
| 0 6 | Crash Number | Hit & Run: No [X] | Pages: 1 of 2 | Vehicles: 2 | Pedestrians |
| | Year 19 Agency 120 ID 1054 Month 12 Seq 1 | Date of Crash 12/17/19 Time 820 | Name of City: Whitefish | City Code | County: *Flathead County Code 7 | 20 12 |

| Occurred On: SPOKANE AVE | At Intersection Of: E 2ND ST | Miles · N S E W | Of | 21 12 |
|---|---|---|---|---|
| If Not At Intersection | Feet · Miles N S E W | Of | (Location Code) | |

Class of Trafficway: 6  Grade & Horiz Align: 1  Relation to Roadway: 1  Relation to Junction: 2  Latitude .  Longitude .

Construction/Maintenance Zone: 0  Site Study Suggested: 0  Speed Limit: 25  Speed Limit Units: MPH  Traffic Controls: 01  Bikeway: 1  Reservation

**COPY**

Police Photos: Yes [X]  No

**COLLISION TYPE - Multiple Veh.**
1 Rear-End
2 Sideswipe, Same Direction
3 Sideswipe, Opposite Direction
4 Left Turn, Same Direction
5 Left Turn, Opposite Direction
6 Right Angle
7 Right Turn, Same Direction
8 Right Turn, Opposite Direction
9 Head-On
0 Other

Code: 1

---

[X] DRIVER 1        [ ] PEDESTRIAN        [X] DRIVER 2        [ ] PEDESTRIAN

| | Driver 1 | Driver 2 |
|---|---|---|
| Name (Last, First, Middle) | PENNER, RODNEY TODD | ERICKSON, MICHAELA ROCHELLE |
| Address | 520 4TH AVE E | 133 ASHLEY HILLS DR |
| City, State, Zip | COLUMBIA FALLS, MT 59912 | Kalispell, MT 59901 |
| Driver License Number | 0303219694111 | 0608619934113 |
| State / Operator | MT / Commercial | MT / Commercial |
| Date of Birth | 03/11/1969 | 06/01/1993 |
| Driver License Status / Restriction Compliance | 1 | 1 |
| Insurance Carrier | OLD REPUBLIC INSURANCE COMPANY | PROGRESSIVE DIRECT INSURANCE |
| Violation Code 1 | 61-8-329(1) | |
| Summons No. 1 | E31964 | |
| Violation Code 2 | | |
| Policy Number | MWTB 311325 | 926437275 |

---

Vehicle 1  Commercial [X]                Vehicle 2  Commercial [ ]

| | Vehicle 1 | Vehicle 2 |
|---|---|---|
| Owner | PENSKE TRUCK LEASING CO LP | [X] Same as Driver |
| Number and Street | 2675 MORGANTOWN RD | |
| City, State, Zip | READING, PA 19607 | |
| VIN | 3ALACWFC4LDLY2887 | 3FADP4EJ0HM130705 |
| License Plate Number | 2891864 | CLG361 |
| Vehicle Make | | Ford |
| Vehicle Year / License State | 20 / IN | 17 / MT |
| Vehicle Damage Severity | Functional [X] | Disabling [X] |
| Vehicle/Pedestrian Heading | South [X] West | South [X] West |
| Property Damaged By This Vehicle | | |
| Towed Due to Damage | No [X] | Yes [X] |
| Tow Truck Company | | Hill Brothers Towing |
| Vehicle Damage (x) If Over $1000 | [X] | [X] |

---

| | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | | Driver and Passenger Names | If Deceased, Give Date of Death |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 1 | 11 | 03 | 4 | 1 | 1 | 0 | 0 | 0 | 50 | M | | PENNER, RODNEY T. | |
| B | 1 | 11 | 03 | 4 | 1 | 1 | 4 | 0 | 26 | F | | | ERICKSON, MICHAELA R. | |
| C | | | | | | | | | | | | | | |
| D | | | | | | | | | | | | | | |
| E | | | | | | | | | | | | | | |
| F | | | | | | | | | | | | | | |
| G | | | | | | | | | | | | | | |

Officer's Signature: 1054-Boll, Hunter   ID Number: 1054-   Date: 12/17/2019   Date Notified: 12/17/19 0820   Date Arrived: 12/17/19 0820   Reviewed By: -

# LARGE VEHICLE AND FATAL CRASH SUPPLEMENT

**Vehicle 1 :** Carrier Name: __LOWE'S HOME CENTERS LLC__   ICC# _____
· Address: __1000 LOWES BLVD__   DOT# __97235__
· City/State: __MOORESVILLE / NC__   MVI# _____

**Vehicle :** Carrier Name: _____   ICC# _____
· Address: _____   DOT# _____
· City/State: _____   MVI# _____

### V1 V — VEHICLE CONFIGURATION
- ☐ ☐ 1 Passenger Car (placarded)
- ☐ ☐ 2 Light truck (van, mini-van, panel, pickup, sport utility vehicle) (placarded)
- ☐ ☐ 3 Bus (seats for 9-15 people, including the driver)
- ☐ ☐ 4 Bus (seats for more than 15 people, including the driver)
- ☐ ☐ 5 Single-Unit Truck (> 10,000 lbs)
- ☐ ☐ 6 Single-Unit Truck (3 axles or more)
- ☐ ☐ 7 Truck & Full Trailer
- ☐ ☐ 8 Truck Tractor (Bobtail)
- ☐ ☐ 9 Tractor/Semitrailer
- ☐ ☐ 10 Tractor/Double Trailer:
  - A Standard
  - B Rocky Mountain
  - C Turnpike
  - D Truck /Trailer-Trailer
- ☐ ☐ 11 Tractor/Triple Trailer
- ☐ ☐ 12 Unknown Truck, can't classify

### V1 V — CARGO BODY TYPE
- ☐ ☐ 1 Bus (Seats for 9-15 people including driver)
- ☐ ☐ 2 Bus (Seats for more than 15 people)
- ☐ ☐ 3 Van/Enclosed
- ☐ ☐ 4 Cargo Tank
- ☐ ☐ 5 Flatbed
- ☐ ☐ 6 Concrete Mixer
- ☐ ☐ 7 Auto Transporter
- ☐ ☐ 8 Garbage/Refuse
- ☐ ☐ 9 Grain Trailer
- ☐ ☐ 10 Pole Trailer
- ☐ ☐ 11 Chip Trailer
- ☐ ☐ 12 Gravel/End/Belly Dump
- ☐ ☐ 13 Pnuematic/Mech. Hopper
- ☐ ☐ 14 Other
- ☐ ☐ 15 Not Applicable

### ACCESS CONTROL
- ☐ No Access Control
- ☐ Full Access Control
- ☐ Partial Access Control

### V1 V — GVWR Pwr Unit Only
- ☐ ☐ 10,000 lbs or less
- ☐ ☐ 10,001 lbs — 26,000 lbs
- ☐ ☐ more than 26,000 lbs

**Citation issued as result of crash Large Vehicle driver only:**
- ☐ Yes
- ☐ No
- ☐ Pending
- ☐ Unknown

### Trafficway
- ☐ Two-way, not divided
- ☐ Two-way, divided, unprotected median
- ☐ Two-way, divided, positive median barrier
- ☐ One-way, not divided
- ☐ Not reported
- ☐ Unknown

### V1 V — CDL Class
- ☐ ☐ Class A
- ☐ ☐ Class B
- ☐ ☐ Class C
- ☐ ☐ Class D
- ☐ ☐ No License

### V1 V — Hazardous Material
- ☐ ☐ Placarded   ☐ Yes ☐ No
- ☐ ☐ Release of HM ☐ Yes ☐ No
- ☒ ☐ Placard ID # __1640566138__
- ☐ ☐ Placard ID # _____
- ☐ ☐ HM Hazard Class _____
- ☐ ☐ HM Hazard Class _____

*HM Proper Shipping Name:* _____

### Sequence of Events
| V1 | V | |
|---|---|---|
| 1 2 3 4 | 1 2 3 4 | A. Ran off road |
| 1 2 3 4 | 1 2 3 4 | B. Jackknife |
| 1 2 3 4 | 1 2 3 4 | C. Overturn |
| 1 2 3 4 | 1 2 3 4 | D. Downhill Runaway |
| 1 2 3 4 | 1 2 3 4 | E. Cargo loss or shift |
| 1 2 3 4 | 1 2 3 4 | F. Explosion or fire |
| 1 2 3 4 | 1 2 3 4 | G. Separation of units |
| 1 2 3 4 | 1 2 3 4 | H. Collision involving pedestrian |
| 1 2 3 4 | 1 2 3 4 | I. Collision involving motor vehicle in transport |
| 1 2 3 4 | 1 2 3 4 | J. Collision involving parked motor vehicle |
| 1 2 3 4 | 1 2 3 4 | K. Collision involving train |
| 1 2 3 4 | 1 2 3 4 | L. Collision involving pedalcycle |
| 1 2 3 4 | 1 2 3 4 | M. Collision involving animal |
| 1 2 3 4 | 1 2 3 4 | N. Collision involving fixed object |
| 1 2 3 4 | 1 2 3 4 | O. Collision involving other movable object |
| 1 2 3 4 | 1 2 3 4 | P. Noncollision: Cross median/centerline |
| 1 2 3 4 | 1 2 3 4 | Q. Noncollision: Equipment Failure |
| 1 2 3 4 | 1 2 3 4 | R. Noncollision: Other |
| 1 2 3 4 | 1 2 3 4 | S. Noncollision: Unknown |
| 1 2 3 4 | 1 2 3 4 | T. Collision w/work zone maintenance equipment |
| 1 2 3 4 | 1 2 3 4 | U. Collision with unknown movable object |

### FATAL CRASH ONLY:

**Notification Time EMS** (military time) 0000_not notified
☐☐☐☐

**Arrival Time EMS**
☐☐☐☐

**EMS time at hospital of Most Severly Injured** 0000_no one transported
☐☐☐☐

| Name of person/s involved | BAC Test Given | Method of Alcohol Determination (On-scene) (use codes below) | Ejection Path (use codes below) |
|---|---|---|---|
| 1. _____ | Y N ? Refused | _____ | _____ |
| 2. _____ | Y N ? Refused | _____ | _____ |
| 3. _____ | Y N ? Refused | _____ | _____ |
| 4. _____ | Y N ? Refused | _____ | _____ |
| 5. _____ | Y N ? Refused | _____ | _____ |

1. Evidential Test (Breath, Blood, Urine)
2. Priminiary Breath Test (PBT)
3. Behavioral (Field Sobriety Test)
4. Observed (Smell, speech, etc)
5. Other (saliva test, tissue test)
6. Passive Alcohol Sensor (PAS)

1. Not ejected/not applicable
2. Through side door opening
3. Through side window
4. Through windshield
5. Through back windows
6. Through back door/tailgate opening
7. Out roof opening (sunroof, top down)
8. Out roof (top up)
9. Other path (e.g. back of pickup)
10. Unknown

| Roadway Surface Type | | Veh1 | Veh2 | Veh3 |
|---|---|---|---|---|
| 1 Concrete | Est. Speed | _____ | _____ | _____ |
| 2 Blacktop (bituminous) | | | | |
| 3 Slag, Gravel or stone | Number of Traffic Lanes: _____ | | | |
| 4 Dirt | | | | |
| 5 Other | | | | |

On 12/17/2019 at approximately 0820 hours, Officer Boll was dispatched to the intersection of Spokane Avenue and East 2nd Street in reference to a two-vehicle accident. Boll arrived on scene and observed there to be a 2020 white cargo truck with Indiana license plates "2891864" and a gray 2017 Ford Fiesta with MT license plates "CLG361" parked on the shoulder of E 2nd St.

Boll made contact with both driver's who declined medical attention. The driver of the Fiesta was identified as Michaela Rochelle Erickson. Erickson stated she had turned left onto E 2nd St from Spokane Ave when her vehicle was struck from behind. Erickson's MT driver's license and registration were valid, her insurance was Progressive Direct Insurance Company, policy number "926437275." The entire rear end of the Fiesta was damaged and not functional. Photographs were taken and placed into the Whitefish Police Department evidence file. Hill Brother's Towing secured the vehicle and transported it to their tow yard. Prior to leaving the scene, Erickson stated she was going to the hospital to get checked out as she did not feel well. A short time later, Erickson produced medical paperwork from North Valley Hospital. The paperwork showed that Erickson was diagnosed with strained neck muscles and ligaments.

The driver of the white 'Lowe's" Cargo truck was identified as Rodney Todd Penner. Penner stated he had turned left onto E 2nd St from Spokane Ave behind the Fiesta. Upon making the turn, the fiesta slowed due to the traffic in front of it. Penner stated he didn't have enough time to apply his brakes and hit the rear end of the Fiesta. Penner's MT commercial driver's license and vehicle registration were valid, the insurance was Old Republic Insurance Company, policy number "MWTB311325." The front bumper and grille were damaged, but the vehicle was functional. Photographs of the damage were taken and placed into the Whitefish Police Department evidence file. Penner was issued a citation for following to closely and he drove his vehicle from the scene.

Officer H. Boll
WPD